IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2005 Session

## WILLIAM BINKLEY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-54844    James K. Clayton, Jr., Judge**

_____

**No. M2005-00988-CCA-R3-PC - Filed November 18, 2005**

_____

The petitioner, William Binkley, was convicted by a Rutherford County Circuit Court jury of attempted first degree murder and reckless endangerment, and the trial court sentenced him to an effective twenty-five-year sentence.  Subsequently, the petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel.  After an evidentiary hearing, the post-conviction court denied post-conviction relief, and the petitioner appealed.  The State argues that the appeal should be dismissed because the petitioner filed his post-conviction petition outside the one-year statute of limitations.  We conclude that the case should be remanded in order for the post-conviction court to determine whether the petition was filed outside the one-year statute of limitations.  Regarding the petitioner's ineffective assistance of counsel claim, we hold that the post-conviction court properly ruled that the petitioner did not receive the ineffective assistance of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

John H. Baker, Murfreesboro, Tennessee, for the appellant, William Binkley.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

This case arose from the petitioner's shooting his estranged girlfriend while their young son stood nearby.  A jury convicted the petitioner of attempted first degree murder and reckless endangerment, and the trial court sentenced him to consecutive sentences of twenty-three years and

two years, respectively. The appellant appealed, and this court affirmed the convictions. See State v. William Binkley, No. M2001-00404-CCA-R3-CD, 2002 WL 517138 (Tenn. Crim. App. at Nashville, Apr. 5, 2002), perm to appeal denied, (Tenn. 2002). Subsequently, the petitioner filed a pro se petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel and that he was unable to assist with his defense. The post-conviction court appointed counsel to amend the petition.

At the evidentiary hearing, the petitioner testified that he was arrested for shooting the victim on March 2, 1999, and remained in jail for over two years. During that time, he was prescribed the psychological medications Celexa, Haldol, and Cogentin. The petitioner was supposed to take one dose of Celexa per day, but the jailers gave him the medication two or three times per day. The petitioner asked his trial attorney if he should be taking the pills, and his attorney told him to take them. The petitioner stated that he never saw a doctor while he was in jail, that the medications made him not want to remember anything, and that he felt "drugged up" while he was taking the medicine. When the petitioner was transferred to the Department of Correction, he stopped taking the medication and began remembering the crimes. The petitioner said that he testified at trial that he did not remember the crimes but that he now remembered driving to the victim's home and shooting her. He said that he pointed the gun at the victim and pulled the trigger but that he did not know the gun was cocked.

The petitioner testified that his trial attorney met with him in jail three times and that they discussed a diminished capacity defense. The petitioner testified at trial, but his attorney did not prepare him to testify. Before the shooting, the petitioner had been treated by Dr. Alex Fider, a psychiatrist, but the petitioner's attorney did not have Dr. Fider testify at trial. The petitioner stated that Dr. Fider should have testified about how his medications affected him. He said that during the trial, a female juror saw him in a stairway outside the courtroom and that he was wearing shackles. He said that he told his attorney about the incident and that his attorney told him it was "no big deal." He stated that his attorney did not prepare him to testify at his sentencing hearing, that they did not discuss whether any witnesses would testify at the hearing, and that his attorney told him he would probably receive a twelve-year sentence.

On cross-examination, the petitioner testified that he did not remember his trial testimony. However, he acknowledged that he remembered asking his attorney about his medication and telling his attorney that a juror saw him in the stairway. He acknowledged that during a pretrial hearing, two doctors, including Dr. Fider, testified about his competency. He stated that although he testified at trial that he did not remember anything about the crimes, he now remembered the shooting and did not intend to kill the victim.

The petitioner's trial attorney testified that the petitioner never complained about his medication and was always polite and coherent. He said that they discussed the facts of the case but that the petitioner did not remember entering the victim's house and shooting her. A mental evaluation was conducted on the petitioner, and the petitioner's attorney interviewed the two doctors, including Dr. Fider, who had treated the petitioner. The attorney said that he did not think the

2

petitioner knew what the petitioner was doing on the day of the crimes but that the trial court ruled the petitioner's doctors could not testify about a possible diminished capacity defense. He said that he decided not to call Dr. Fider to testify at the petitioner's trial. He did not remember the petitioner telling him that a juror had seen the petitioner in shackles outside the courtroom, and he stated that if the petitioner had told him about it, he would have brought it to the court's attention. He said that no doctors testified at the petitioner's sentencing hearing because the doctors had testified in a pretrial hearing and the hearing was part of the record. He said that at the sentencing hearing, the trial court made it clear that it did not need anymore proof regarding the petitioner's mental capacity. On cross-examination, the petitioner's trial attorney testified that he argued the petitioner's diminished mental capacity as a mitigating factor at the sentencing hearing. He stated that he did not tell the petitioner that the petitioner would receive a twelve-year sentence.

In denying the petition, the trial court ruled that there was nothing the petitioner's trial attorney could have done to correct the dose of the petitioner's medication. Moreover, the trial court noted that during the petitioner's psychiatric evaluation, the petitioner did not show he was having any problems with his medicine. The trial court ruled that the petitioner's attorney adequately prepared him to testify. Regarding the attorney's failure to argue that the petitioner's mental condition mitigated his sentences, the trial court stated that "the Court knew of his mental health questions prior to that since that was brought in by reference into the sentencing hearing." Regarding a juror's seeing him in shackles, the trial court stated that there was no evidence the event actually occurred, demonstrating that the trial court did not believe the petitioner's testimony. The trial court denied the petition for post-conviction relief, and the petitioner appeals.

## II. Analysis

### A. Statute of Limitations

The State claims for the first time on appeal that this court does not have jurisdiction over the petitioner's case because he filed his post-conviction petition outside the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-102(a). The State contends that the one-year period for filing the petition began to run on November 4, 2002, when the Tennessee Supreme Court denied permission to appeal. The State also contends that the petition was filed outside the statute of limitations because the circuit court clerk's stamp on the petition shows that it was filed on November 10, 2003.

Under Tennessee Code Annotated section 40-30-102(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the

offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. The statute of limitations may also be tolled where application of the one-year period would offend principles of due process. See Burford v. State, 845 S.W.2d 204, 208-09 (Tenn. 1992). The "one-year statutory period is an element of the right to file a post-conviction petition and . . . is not an affirmative defense that must be asserted by the State." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). The Post-Conviction Procedure Act imposes an affirmative duty on post-conviction courts to dismiss petitions "[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations." Tenn. Code Ann. § 40-30-106(b).

In the instant case, the Tennessee Supreme Court denied the petition to appeal on November 4, 2002. The State claims that the petition for post-conviction relief was filed on November 10, 2003, the date that it is stamped "filed" by the clerk's office. However,

> [i]f papers required or permitted to be filed . . . are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. Sup. Ct. R. 28 § 2(G). Therefore, the date stamped on the face of a petition for post-conviction relief is not necessarily the date which determines whether the petition was timely filed, and the question becomes whether the petitioner delivered his petition to the appropriate individual at the correctional facility on or before November 4, 2003.

The petition for post-conviction relief reflects that the petitioner signed the petition in the presence of a notary on November 3, 2003. However, the petition states that "it is being mailed on 11/5/03." There is nothing in the record to indicate when the petitioner delivered the petition to prison authorities for filing. We note that in a letter, written by the petitioner to the circuit court clerk and dated November 8, 2003, the petitioner stated, "Please find enclosed one (1) original and one (1) copy of the Petitioner's Pro-se filing of Post-Conviction Petition," indicating that the petition was still in the petitioner's possession on November 8, 2003. In any event, because the issue was not raised in the post-conviction court and the record indicates that the statute of limitations was never an issue, we are unable to determine whether the post-conviction court had jurisdiction. Therefore, we must remand the case for an evidentiary hearing in order for the post-conviction court to determine when the petition was delivered to the appropriate authorities and if the post-conviction court had jurisdiction to consider the petition. This timeliness issue must be resolved before the case can be adjudicated on the merits. See Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004), perm. to

4

appeal denied, (Tenn. 2004).   Nevertheless, we will address the issues raised by the petitioner due to the possibility of further appeal.

## B.  Ineffective Assistance of Counsel

The petitioner claims that he received the ineffective assistance of counsel because his trial attorney failed to present evidence of his mental condition at his sentencing hearing.  He contends that such evidence would have shown that he was suffering from a serious mental condition and would have supported the trial court's application of mitigating factor (8), that the petitioner "was suffering from a mental or physical condition that significantly reduced [his] culpability for the offense." Tenn. Code Ann. § 40-35-113(8).  The petitioner also contends that his attorney failed to prepare him adequately for trial, failed to do something about his taking too much medication, and failed to object or move for a mistrial when a juror saw the petitioner wearing shackles in the courthouse stairwell.

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence.  See Tenn. Code Ann. § 40-30-110(f).  "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)).  Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact.  See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).  Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings.  Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact.  See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).  However, we will review the post-conviction court's conclusions of law purely de novo.  Id.  "To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).  In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

The petitioner claims that he received the ineffective assistance of counsel because his trial attorney failed to present evidence about his mental health at his sentencing hearing in order to mitigate his sentences.  However, the post-conviction court ruled that it had been aware at the

5

sentencing hearing of the petitioner's mental condition.[1]  During the sentencing hearing, the trial court stated that it believed the appellant "had mental problems that may have added to this," supporting the post-conviction court's conclusion that it had considered the appellant's mental condition during sentencing.  Moreover, our review of the sentencing hearing transcript shows that the trial court applied several enhancement factors to the appellant's sentences.  In light of the application of these factors, the petitioner has failed to show that his sentences would have been different even if the trial court had applied mitigating factor (8).

The petitioner also claims that his attorney failed to prepare him adequately for trial.  However, the attorney testified that he and the petitioner discussed the facts of the case, and the trial court ruled that the attorney adequately prepared the petitioner to testify.  We see nothing in the record to preponderate against the trial court's finding.  As for the petitioner's medication, the trial court ruled that the petitioner's attorney could not have done anything to correct the petitioner's medication. We note that the petitioner's trial attorney testified that the petitioner never complained to him about his medication and that the petitioner was always coherent.  The trial court obviously accredited the attorney's testimony over that of the petitioner.  Finally, the trial court did not believe the petitioner's claim that a juror saw him wearing shackles in the stairwell.  The petitioner has failed to show that his attorney rendered deficient performance or that he was prejudiced by any deficiency.

We note that the petitioner also claims that the trial court improperly enhanced his sentences in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  In Blakely, the Supreme Court held that

> the "statutory maximum" for Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, (2000),] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Blakely, 542 U.S. at ___, 124 S. Ct. at 2537.  Blakely did not dispute the appropriateness of a trial court's application of enhancement factor (2), which is based on the existence of a defendant's prior criminal history, but called into question the constitutionality of the application of the remainder of our statutory enhancement factors without such facts being found by a jury or admitted by an appellant.

---

[1]  Although the petitioner has not made the trial transcript a part of the appellate record, because the transcript of the trial proceedings was filed with this court on direct appeal, we will take judicial notice thereof for purposes of the current appeal.  Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987).

However, our supreme court recently held that <u>Blakely</u> does not announce a new rule of law and that the "Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violates the Sixth Amendment right to jury trial." <u>State v. Gomez</u>, 163 S.W.3d 632, 651 n.16 (Tenn. 2005). Given the dictates of <u>Gomez</u>, the appellant's reliance on <u>Blakely</u> must fail.

### III. Conclusion

Based upon the record and the parties' briefs, we remand the case to the post-conviction court for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE